JASON v. ALGER et al.

Civ. A. No. 1022–52.

United States District Court
District of Columbia.

April 28, 1952.

654

Howard Jenkins, Jr., Washington, D. C., for plaintiff.

William R. Glendon, Asst. U. S. Atty., Washington, D. C., for defendant.

BASTIAN, District Judge.

In this case, plaintiff seeks to enjoin defendants from proceeding to readjudicate the issue of plaintiff's loyalty to the Government of the United States, as has been proposed in a "Notice of Proposed Removal Action", dated January 10, 1952. Defendants have moved to dismiss.

Plaintiff, a clerk in the Post Office Department, .was served, by the Post Office Department Loyalty Board on or about September 24, 1948, with "Notice of Proposed Removal Action", in which it was claimed that, "as a result of a recent investigation of you (plaintiff) * * * reasonable grounds exist for belief that you are disloyal to the Government of the United States." At that time, Executive Order March 21, 1947, No. 9835, 12 F.R. 1935, set the standard for determining the loyalty of an employee of the United States, providing that reasonable grounds must exist for belief that the person involved was disloyal to the Government of the United States. On September 6, 1949, the Post Office Department Loyalty Board held that "reasonable grounds exist to believe that you (plaintiff) are disloyal to the Government of the United States." Plaintiff was suspended from his position pending appeal. These findings and recommendations were affirmed, on appeal to the Postmaster General, On May 1, 1950.

Plaintiff then appealed to the Loyalty Review Board, which reversed the action of the Postmaster General and ordered plaintiff restored to his position. This action was taken on November 2, 1950, the order of the Loyalty Review Board advising that a panel of the members of that Board had "reviewed the entire record and reached the conclusion that reasonable grounds do not exist to believe that Mr. Jason is disloyal to the Government of the United States."

On May 1, 1951, Executive Order 9835 was superseded by Executive Order 10241, 16 F.R. 3690, 5 U.S.C.A. § 631 note. This latter order, in effect, amended the standard for refusal of or removal from employment in Government service on grounds relating to loyalty, and that Order provides that removal may take place where "there is a reasonable doubt as to the loyalty of the person involved to the Government of the United States."

Thereafter, on May 23, 1951, the Loyalty Review Board issued its Memorandum No. 66, which directed Departmental Loyalty Boards to adjudicate under the new standard in cases where unfavorable determinations made by any Board were reversed on appeal.

On January 10, 1952, "Notice of Proposed Removal Action", which asserted that, on the basis of an investigation made of plaintiff, there was "a reasonable doubt as to your (plaintiff's) loyalty to the Government of the United States", was served on plaintiff by the Post Office Department Loyalty Board, and this action followed. Up to the

time of hearing of the motion in this case, no other or further action had been taken, other than the service of the notice of January 10, 1952.

Two serious questions arise in this case: first, whether the doctrine of *res judicata* is applicable, that is, whether the matter having been once adjudicated, plaintiff can be called upon again to establish his loyalty, this time under the new standard fixed by Executive Order 10241; and, secondly, whether the action is premature in that plaintiff has failed to exhaust his administrative remedies.

Certainly there has been no action by the Post Office Department Loyalty Board under the notice of January 10, 1952, and, naturally, no appeal has been or could be taken to the Postmaster General, or to the Loyalty Review Board.

It seems to the Court that, under the general rule as to exhaustion of administrative remedies, plaintiff's suit is premature. It may be that he will be vindicated by the administrative tribunals, or that those tribunals will rule favorably on his contention that the doctrine of *res judicata* is applicable, in either of which events no need would exist for resort to the Court. Courts have no right to anticipate the final administrative decision. Plaintiff must await the exhaustion of his administrative remedies.

Because a serious question does exist under the other ground mentioned, the Court will dismiss the complaint without prejudice of plaintiff's right to file another suit if and when a decision adverse to him is rendered in the administrative process. In other words, the decision of the Court in this case is not to be *res judicata* on the question of the right of plaintiff to file another suit at that time, particularly where, as here, it has been conceded by the Government that the action taken by the Post Office Loyalty Board is based on the same grounds which were the subject of the previous proceeding originally undertaken in 1948.

The motion to dismiss the complaint will be granted.

Settle judgment on notice.